## ORAL ARGUMENT NOT YET SCHEDULED

## UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STATES SUGAR CORPORATION, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 11-1108 and |
| ) | Consolidated Cases |
| U.S. ENVIRONMENTAL PROTECTION ) | |
| AGENCY, ) | |
| ) | |
| Respondent. ) | |

## MOTION OF AMERICAN PETROLEUM INSTITUTE FOR LEAVE TO INTERVENE

Pursuant to Rule 15(d) of the Federal Rules of Appellate Procedure (FRAP) and Rule 15(b) of the Court's rules, the American Petroleum Institute (API) respectfully requests leave to intervene on behalf of respondent U.S. Environmental Protection Agency (EPA) in the above-captioned case, No. 11-1108, and those cases consolidated with it. After attempting to contact all parties to these consolidated cases, API is authorized to state that EPA and JELD-JEN Inc. took no position on this motion, a few petitioners did not respond,[1] and all other petitioners indicated they had no objection. No party has indicated that it would oppose this motion. In further support of this motion, API submits the following:

---

[1] Of the 28 petitioners other than itself, API did not receive responses from the following petitioners: American Municipal Power, Julander Energy Company, and the States of Alabama, Arkansas and Georgia.

1.  The petitions in these consolidated cases seek review of EPA's final action entitled "National Emission Standards for Hazardous Air Pollutants for Major Sources: Industrial, Commercial, and Institutional Boilers and Process Heaters" and published at 76 Fed. Reg. 15,608 (Mar. 21, 2011). That rule, commonly called the "Major Source Boiler Rule," established standards governing emissions of hazardous air pollutants (HAPs) from new and existing boilers and process heaters used for industrial, commercial or institutional (ICI) purposes at "major" sources of such pollutants.[2] API actively participated in the rulemaking process that resulted in the Major Source Boiler Rule.

2.  API has a vital interest in the Rule and consequently the outcome of this Court's review of it. API is a national trade association representing all aspects of America's oil and natural gas industry. It has over 450 members, from the largest major oil company to the smallest of independents, from all segments of the industry, including producers, refiners, suppliers, pipeline operators and marine transporters, as well as service and supply companies that support all segments of the industry. A large number of API's members employ ICI boilers and process heaters at plants qualifying as "major" sources. Moreover, the total number of such boilers and heaters across all such plants is huge. Such equipment is the principal source of power across the industry.

---

[2] EPA recently delayed the effective date of the Major Source Boiler Rule pending completion of its reconsideration of the rule or judicial review, whichever occurs first. 76 Fed. Reg. 28662 (May 18, 2011).

2

3.  On May 12, 2011, API filed a petition, No. 11-1134, along with a Rule 26.1 disclosure statement, seeking review of certain aspects of the Major Source Boiler Rule.  Many others – a total of 28 entities – also filed petitions for review of the rule.  A list of all current parties is attached, in accordance with Circuit Rule 27(a)(4).  As yet there is no amicus curiae in these consolidated cases.

4.  API now seeks to participate in these consolidated cases also as an intervenor in support of EPA with respect to aspects of the rule other than those aspects for which it seeks judicial review.

5.  The present motion is timely.  Rule 15(d) of the FRAP, as applied by this Court to consolidated cases, requires a petitioner to seek intervention within 30 days after the docketing of the last-docketed case.  Here, that case, *Sierra Club v. EPA,* No. 11-1181, was docketed on May 20, 2011.

6.  API and its members regard some aspects of the Major Source Boiler Rule as rational and otherwise lawful.  One or more petitioners in these consolidated cases, however, are poised to challenge one or more of those aspects. *See, e.g.,* Letter dated May 20, 2011, from Earthjustice (J. Pew) to EPA (L. Jackson) (E-Docket No. EPA-HQ-OAR-2002-0058-3297) (petitioning EPA on behalf of Sierra Club to reconsider various aspects of the Major Source Boiler Rule).  Adverse action by this Court and subsequently by EPA on aspects of the

Rule that API and its members support could have significantly adverse impacts on those members.

7. API and its members, therefore, have a strong interest in intervening in support of EPA. Moreover, as an agency of the federal government, EPA will bring its governmental perspective to the defense of the Major Source Boiler Rule. Consequently, it cannot be expected necessarily to represent the private interests of API and its members adequately. *See, e.g., Fund for Animals, Inc. v. Norton,* 322 F.3d 728, 736 (D.C. Cir. 2003); *Dimond v. District of Columbia,* 792 F.2d 179, 192-93 (D.C. Cir. 1986). No other party is positioned to represent the interests of API and its members adequately. API therefore satisfies the applicable requirements of FRAP 15(d) for intervention. *See Building and Construction Trades Department v. Reich,* 40 F.3d 1275, 1282-83 (D.C. Cir. 1994); *International Union v. Scofield,* 382 U.S. 205, 217 n. 10 (1965).

8. Also, API has Article III standing to represent its members' interest in supporting EPA in its defense of certain aspects of the Rule. API has members which individually meet Article III requirements with respect to the potential for reversal of certain aspects of the Rule. API is devoted as an institution to ensuring that EPA adopts rational and otherwise lawful regulatory policies with respect to its members. Finally, the issues on which API seeks to have a voice in these consolidated cases do not require the participation of its individual members,

4

because this Court's review will be based on the CAA and an established

rulemaking record. *See Sierra Club v. EPA,* 292 F.3d 895, 898 (D.C. Cir. 2002).

Because API and its members "indisputably will be directly affected" by EPA's

rules, their standing is "self-evident[.]" *See American Library Ass'n v. FCC,* 401

F.3d 489, 491-92 (D.C. Cir. 2005).

9.  API's participation in these consolidated cases will not result in undue

delay in the proceedings, nor cause prejudice to any party.  The Court has yet to

establish as schedule for briefing on the merits or oral argument.

WHEREFORE, API respectfully requests that the Court enter an order

granting API's motion to intervene on behalf of EPA in these consolidated cases.

Dated:  June 20, 2011                     Respectfully submitted,

                                          /s/ Peter H. Wyckoff
                                          Peter H. Wyckoff
                                          Jeffrey A. Knight
                                          PILLSBURY WINTHROP
                                          SHAW PITTMAN, LLP
                                          2300 N Street, NW
                                          Washington, D.C. 20037-1122
                                          202-663-8007
                                          peter.wyckoff@pillsburylaw.com

*Of Counsel:*
Harry M. Ng
John Wagner
AMERICAN PETROLEUM
INSTITUTE

**Attachment**

# LIST OF PETITIONERS
## IN CASE NO. 11-1108 AND CONSOLIDATED CASES

American Chemistry Council
American Coke and Coal Chemicals Institute
American Forest & Paper Association
American Foundry Society
American Home Furnishings Alliance
American Municipal Power
American Petroleum Institute
American Wood Council
Auto Industry Forum
Biomass Power Association
Chamber of Commerce of the United States of America
Coalition for Responsible Waste Incineration
Council of Industrial Boiler Owners
JELD-WEN, Inc.
Julander Energy Company
National Association of Manufacturers
National Oilseed Processors Association
Rubber Manufacturers Association
Sierra Club
Society of Chemical Manufacturers and Affiliates
Southeastern Lumber Manufacturers Association
State of Alabama, *ex rel.* Luther Strange, Attorney General
State of Arkansas, *ex rel.* Dustin McDaniel, Attorney General
State of Georgia, *ex rel.* Sam Olens, Attorney General
Tesoro Hawaii Corporation and Hovensa LLC
Treat Wood Council
U.S. Environmental Protection Agency
Utility Air Regulatory Group
Waste Management, Inc.
Wisconsin Electric Power Company

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion of the American Petroleum Institute for Leave to Intervene, with Attachment, has been served electronically through the Court's CM/ECF system on all registered counsel, and through first-class mail on the following unregistered counsel, this 20th day of June 2011:

Jeffrey Steward Longsworth
Barnes & Thornburg, LLP
1717 Pennsylvania Avenue, NW
Suite 500
Washington, DC 20006-4623

/s/ Peter H. Wyckoff
Peter H. Wyckoff